UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME STONE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>AGNICO-EAGLE MINES LTD, SEAN BOYD, EBERHARD SCHERKUS, AMMAR ALJOUNDI, and DAVID GAROFALO,<br><br>      Defendants. | Electronically Filed<br><br>Civil Action No. 1:11-cv-07968-JPO<br><br>Judge J. Paul Oetken |
| CHRIS HASTINGS, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>AGNICO-EAGLE MINES LTD, SEAN BOYD, EBERHARD SCHERKUS, AMMAR ALJOUNDI, and DAVID GAROFALO,<br><br>      Defendants. | Civil Action No. 1:11-CV-08466-JPO<br><br>Judge J. Paul Oetken |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF RANDALL HUMPHREYS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF CO-LEAD COUNSEL**

**PRELIMINARY STATEMENT**

Presently pending before the Court are two securities class action lawsuit (the "Actions") brought on behalf of all persons or entities (the "Class") of investors who purchased Agnico-Eagle Mines Ltd. ("Agnico-Eagle" or the "Company") securities between the period of March 26, 2010 and October 19, 2011 (the "Class Period").  Plaintiffs allege violations of the Securities Exchange Act of 1934 ("Exchange Act") against Agnico-Eagle and several of its officers.

Class member Randall Humphreys ("Movant") hereby moves this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order:  (a) consolidating related actions; (b) appointing Movant as lead plaintiff in the Actions; and (c) approving Movant's choice of Gilman Law LLP and Bernstein Liebhard LLP as co-lead counsel for the Class.

During the Class Period, Movant suffered losses of approximately $3.4 million from his investments in Agnico-Eagle.  Movant believes that his losses represent the largest financial interest in the outcome of the litigation.

**STATEMENT OF FACTS**

Agnico-Eagle engages in the exploration, development, and production of mineral properties in Canada, Finland and Mexico.  The Company primarily explores for gold, as well as silver, copper, zinc and lead. Agnico-Eagle's flagship property includes the LaRonde mine located in the southern portion of the Abitibi volcanic belt, Canada.  The Company was founded in 1953 and is based in Toronto, Canada.

Throughout the Class Period, Agnico-Eagle made false and/or misleading statements as well as failed to disclose material adverse facts about the Company's business, operations and prospects.  Specifically, the Company failed to disclose that the Goldex Mine, one of the

Company's most important sources of revenue, was experiencing significant structural problems that would eventually require the closing of the mine in October 2011. The Company also failed to disclose the truth regarding Agnico-Eagle's financial condition and failed to disclose that Agnico-Eagle engaged in fraudulent and deceptive accounting practices. As a result of the false and misleading statements, the Company lacked a reasonable basis for their positive statements about their business, operations, and prospects.

On October 19, 2011, Agnico-Eagle issued a press release announcing that, effective immediately, it was suspending its mining operations and gold production at its Goldex mine in Val d'Or, Quebec. The Company's announcement cited the receipt of an opinion from a second rock mechanics consulting firm that recommended that underground mining/operations be halted until the situation is further investigated. In response to this news, Agnico-Eagle's shares fell 18.5% on heavy trading volume.

## ARGUMENT

### I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-] chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

#### A.  The Court Should Resolve The Consolidation Issue As a Prerequisite to The Determination of Lead Plaintiff

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v.*

*Complete Mgmt., Inc.,* No. 99-CV-1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact ... (citation omitted); *see also Primavera Familienstiftung v. Askin,* 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

The complaints filed in the Actions are substantially similar and arise from the same set of facts and conduct. As a result, the Court should consolidate the aforementioned cases, and any others filed subsequent to this motion. *See Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2d Cir. 1990).

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As Movant has an interest in moving the Actions forward, he respectfully urges the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of law and fact presented by the related actions now pending in this District.

## II. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A. The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after

publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person" that:

> (aa)  has either filed the complaint or made a motion in response to a notice;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him.  Therefore, Movant is entitled to the presumption that he is the most adequate lead plaintiff to represent Plaintiffs and, as a result, should be appointed lead plaintiff in the Actions.

### 1.  Movant Is Willing To Serve As Class Representative

On October 11, 2011, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act, which announced that a securities class action had been filed against Agnico-Eagle, and which advised putative class

members that they had until January 6, 2012 to file a motion to seek appointment as a lead plaintiff in the action.[1]

Movant has reviewed one of the complaints filed in the Actions and has timely filed his motion pursuant to the Notice.  In doing so, Movant has attached his certification attesting to his willingness to serve as a representative party of the Class and provide testimony at deposition and trial, if necessary.  *See* Gilman Decl. Ex. B.  Accordingly, Movant satisfies the first requirement to serve as lead plaintiff.  Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2. Movant Is The Most Adequate Lead Plaintiff

Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed.  *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II); 78u-4(a)(3)(A)(i)(II).  Subsequently, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i).

Movant believes his $3.4 million loss constitutes the largest financial interest in the outcome of the Actions.  As such, Movant is the most adequate lead plaintiff and should be appointed as lead plaintiff.  *See* Ex. C to Gilman Declaration.

### 3. Movant Satisfies The Requirements Of Rule 23(a) Of The Federal Rules Of Civil Procedure

Equally important, Movant satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the provisions of Rule 23 relevant to the

---

[1] *See* Declaration of Kenneth G. Gilman ("Gilman Decl.") Ex. A.

appointment of lead plaintiff under the PSLRA.  *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).  *See also Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (considering only typicality and adequacy on a motion for consolidation and for designation of lead plaintiff and lead counsel).

Movant's certification establishes that he meets the typicality requirement of Rule 23 because they: (i) suffered the same injuries as the absent class members; (ii) suffered as a result of the same course of conduct by Defendants; and (iii) their claims are based on the same legal issues.  *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *see also In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which other class members' claims and injuries arise").  Rule 23 does not require that the named plaintiffs be identically situated with all class members.  It is enough if their situations share a common issue of law or fact.  *See In re NASDAQ Market-Makers Antitrust Litig.*, 172 F.R.D. 119, 127 (S.D.N.Y. 1997).  A finding of commonality frequently supports a finding of typicality.  *See General Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982), *aff'd*, 815 F.2d 317 (5th Cir. 1987) (noting how the commonality and typicality requirements "merge").  Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include the following:

> 1. whether the federal securities laws were violated by Defendants' acts;
> 2. whether statements made by Defendants to the investing public during the Class Period contained material misrepresentations concerning the facts about Agnico-Eagle;
> 3. whether Defendants acted knowingly or recklessly in issuing false and misleading statements; and

> 4. whether the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movant as to all members of the purported Class. Similar to all of the other members of the Class, Movant purchased shares of Agnico-Eagle at prices materially distorted as a result of Defendants' misrepresentations. Because Movant's claims are based on the same legal theories and "arise from the same course of conduct that gives rise to the claims of other Class members," the typicality requirement is satisfied. *See NASDAQ Market-Makers*, 172 F.R.D. at 126.

Further, Movant is uniquely able to fulfill the duties and responsibilities required to serve as lead plaintiffs. Specifically, Movant will be diligent in leading the litigation, including supervising lead counsel and directing litigation strategy and any settlement discussions to obtain the largest recovery for the Class.

## III. MOVANT'S CHOICE OF CO-LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Gilman Law LLP and Bernstein Liebhard LLP as the proposed co-lead counsel for the Class. Gilman Law has been appointed as lead counsel since the passage of the PSLRA, and has appeared in major actions before this and other courts throughout the country. *See* Gilman Law's firm resume, attached as Ex. D to the Gilman Declaration. Some of Gilman Law's outstanding successes include:

- *In re Transkaryotic Therapies Inc, Securities Litigation*, No. 03-10165-RWZ (D. Mass) (Settlement: $50 million);

- *In re Blech Securities Litigation*, 94-CIV-7696-RWS (S.D.N.Y.) (The firm obtained certification of a class of purchasers of 22 separate securities and recovered approximately $20 million despite the insolvency of the main responsible parties.  The case involved important reported judicial opinions concerning clearing broker and other liability issues;

- *Sebago, Inc. et al. v. Beazer East, Inc., et al.* (D. Mass.) where the firm was appointed as Lead Counsel by the Honorable Chief Judge Mark Wolf to represent a class of commercial building owners nationwide, which settled for a value in excess of $250 million after five years of hotly contested litigation; and

- *In re: OSB Antitrust Litigation*, No. 06-CV-00826 (E.D.P.A.) (PSD) (Honorable Paul S. Diamond appointed the firm as Lead Counsel to litigate and manage a group of over 15 law firms and 20 class representatives, which case was successfully resolved in 2008.

Further, Kenneth G. Gilman, of Gilman Law, was appointed as the Federal Equity Receiver by the Honorable Jose A. Gonzalez of the Southern District of Florida to handle the entire Intercontinental Commodities Fraud Litigation.  He has also prosecuted complex litigation on behalf of the Department of Justice.  Gilman Law has been recognized by the courts and its colleagues for successfully representing investors in hotly contested securities litigation.

Similarly, Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class.  *See* Gilman Decl. Ex. E for the firm resume of Bernstein Liebhard.  As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel, the Class is receiving the best legal representation available.

Bernstein Liebhard has frequently been appointed as lead counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country.  Indeed, *The National Law Journal* has recognized Bernstein Liebhard for nine consecutive years as one of the top plaintiffs' firms in the country.  Bernstein Liebhard has also been listed in *The Legal 500*, a guide to the best commercial law firms in the United States, for the past four years.

Four of Bernstein Liebhard's recent outstanding successes include:

- *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) (settlement: $400 million);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (Judge Joel A. Pisano gave final approval to a U.S. settlement with a minimum cash value of $130 million. This settlement is in addition to a $350 million European settlement on behalf of a class of non-U.S. purchasers of Shell securities on non-U.S. exchanges, which the court-appointed lead plaintiffs and Bernstein Liebhard were, in the words of Judge Pisano, a "substantial factor" in bringing about);

- *In re Deutsche Telekom AG Securities Litigation*, No. 00-CV-9475 (SHS) (S.D.N.Y. 2005) (settlement: $120 million, representing 188% of the recognized losses); and

- *In re Cigna Corp. Securities Litigation*, No. 2:02CV8088 (E.D. Pa. 2007) (settlement: $93 million).

Further, Bernstein Liebhard partner Stanley Bernstein serves as Chairman of the Executive Committee in *Initial Public Offering Securities Litigation ("IPO")*, No. 21 MC 92 (SS) (S.D.N.Y. 2009), pending before Judge Shira Scheindlin in this District. The *IPO* litigation is one of the biggest securities class actions ever prosecuted. On October 5, 2009, the Court granted final approval to a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the related, and any subsequently-filed related, actions; (2) appoint Movant as lead plaintiff for the Class in the Action and all subsequently-filed, related actions; and (3) approve Gilman Law and Bernstein Liebhard as co-lead counsel for the Class.

Dated: January 6, 2012                      Respectfully submitted,

**BERNSTEIN LIEBHARD LLP**

/s/
_____
Sandy A. Liebhard (liebhard@bernlieb.com)

Joseph R. Seidman, Jr. (Gilman@bernlieb.com)
10 East 40th Street, 22nd Floor
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218

Kenneth G. Gilman (kgilman@gilmanpastor.com)
**GILMAN LAW LLP**
Beachway Prof. Center Tower
3301 Bonita Beach Rd. Suite 307
Bonita Springs, FL 34134
Telephone: (239) 221-8301
Facsimile: (239) 676-8224

*Attorneys for Movant Randall Humphreys and Proposed Lead Counsel for the Class*